IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WARREN FOLEY,

      Appellant,

v.                                                                 Case No.  5D16-1710

GINA MARIE FOLEY,

      Appellee.

_____/

Opinion filed March 3, 2017

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Gary S. Israel, of Gary Israel, P.A., Orlando,
for Appellant.

Andrew J. Chmelir, of Jacobson, Chmelir &
Ferwerda, Winter Springs, for Appellee.

PALMER, J.

Warren Foley (the father) appeals two post-dissolution orders, one denying his request to modify his child support obligation and the other denying his request for an award of attorney's fees. We affirm the order regarding attorney's fees without discussion, but we reverse the order regarding child support.

The father argues that the trial court reversibly erred in denying his request to modify his child support obligation. Specifically, he asserts that the trial court's ruling was

erroneous because (1) the trial court incorrectly stated that no financial affidavits were admitted into evidence during the modification hearing, and (2) the court failed to recognize that the issue was tried by consent.  We agree.

In 2006, the parties' marriage was dissolved and, among other things, Gina Foley (the mother) was granted primary custody of their son.  In 2014, the father filed a petition seeking to modify the parties' time-sharing arrangement. Along with the petition, the father filed a financial affidavit which, in pertinent part, stated that "this case involves the establishment or modification of child support." In response, the mother filed a *pro se* "Counter Supplemental Petition of Modification of Child Support," which also sought modification of the parties' time-sharing arrangement. She also filed a financial affidavit that stated that "this case involves the establishment or modification of child support." Thereafter, during the modification hearing, counsel for the father stated:

> I've prepared child support guidelines based on every other weekend with mom.  We keep the same holiday schedule as has been previously ordered by the [c]ourt. The child support needs to be recalculated.

Both parents identified their financial affidavits, and the trial court admitted them into evidence.  The father also identified a child support guideline document which had been prepared by his counsel.

The court entered an order that modified the parent's time-sharing arrangement and stated that child support "will be modified based upon a new child support guidelines worksheet to be prepared by [the father's counsel]." However, upon subsequent review, the trial court entered an order stating that the court lacked the "authority to modify child support where the matter was not plead or tried by consent and where no financial affidavits were submitted." Contrary to the trial court's ruling, the financial affidavits were

admitted into evidence during the modification hearing, and the record demonstrates that both parties were on actual notice that child support modification was at issue in the proceedings below. Accordingly, the trial court's order on child support is reversed, and this matter is remanded for the trial court to consider the father's child support modification request.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA and ORFINGER, JJ., concur.